STATE OF WEST VIRGINIA

*v.*

KENNETH E. TAPP

(No. 12835)

Submitted February 10, 1970.     Decided March 3, 1970.

*Brown H. Payne,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz, Jr.,* Deputy Attorney General, for defendant in error.

BROWNING, PRESIDENT:

Appellant, hereinafter sometimes referred to as "defendant", was jointly indicted with one O'Dell Crabtree by the Raleigh County Grand Jury during the June, 1968, term for breaking and entering. The crime allegedly occurred on May 17, 1968. The evidence is that Crabtree used a plastic object to enter the apartment of one Salango in Beckley, West Virginia. After entering the apartment, Crabtree was confronted by Salango at which time there was an exchange of words between the parties. Crabtree then left with the defendant Tapp who had been waiting on a landing below Salango's apartment during that conversation. Salango called the police who apprehended Crabtree and the defendant a short time later. While in the police station they were separated and questioned without an attorney and allegedly without being advised of their rights. Some three hours later they were furnished counsel and placed in jail in lieu of a $25,000 bond.

On June 12, 1968, the court appointed George Ballard as counsel and set the case for trial on July 15, 1968. On July 15, Ballard withdrew from the case because of a conflict of interest and Brown H. Payne was appointed in his place, all at the request of the defendant. Immediately following his appointment, Payne moved for a continuance to the next term of court without setting forth any grounds in support of the motion. The motion was denied and the case proceeded to trial. Immediately prior to trial, the defendant moved to suppress the evidence, which motion was also denied. Several times thereafter, counsel again moved for a continuance, all of which motions were denied. Defendant moved for a directed verdict at the close of the State's evidence on the ground that the State failed to prove the crime was committed in West Virginia. This motion was also denied. The jury then returned a verdict of guilty of aiding and abetting. The court would not accept the verdict and reread the instructions. The jury again returned a guilty verdict, this time of breaking without entering. The court again found

this unacceptable and reread the instructions. This time the jury returned a verdict of "guilty as charged in the within indictment." July 16, 1968, sentence was imposed for a term of not less than one year nor more than fifteen years. Upon information filed by the State regarding a previous conviction, defendant was sentenced to an additional five years on July 23, 1968. The judgment was affirmed by the Circuit Court of Raleigh County on December 9, 1968. We granted a writ of error and supersedeas on May 12, 1969.

Defendant assigns as error the trial court's failure to allow defense counsel time to prepare his defense and forcing trial without the benefit of proper counsel; the verdict as being contrary to the law and the evidence and not being supported by the evidence; the State failing to prove the felony defendant was indicted for; and the trial court's reading of the charge to the jury three separate times when the jury reached verdicts unacceptable to the court.

The record shows that the defendant's present counsel was appointed to represent him on the day of his trial and that immediately thereafter the trial court overruled a motion for a continuance all of which might constitute prejudicial error if one of the grounds for continuance had been a lack of time for counsel to prepare for the trial of the case, assuming no additional facts. The trial was set for July 15 and on the previous June 12 Mr. George Ballard, an able and experienced attorney of the Raleigh County Bar, was appointed to represent the defendant. The record shows that two days before the trial the defendant "contacted" Mr. Brown H. Payne, also an able and experienced attorney of the Raleigh County Bar, and requested that he rather than Ballard represent the defendant. All of this was brought to the attention of the trial judge, and under those circumstances it is the view of this Court that he did not abuse his discretion in refusing the general motion for a continuance.

Article III, Section 14, of the Constitution of West Virginia provides, in pertinent part, that "trial of crimes . . . shall be . . . in the county where the alleged offence was committed . . . ." No witness was specifically asked whether the defendant's alleged crime was committed in Raleigh County, West Virginia, but it was established by Salango that his apartment was located at 128 South Heber Street, Apartment No. 6. It was Salango's apartment that was alleged to have been broken into. Sergeant Durrett of the Beckley Police Force was asked these questions and made these answers: "Q. Mr. Durrett, do you know where Joe Salango lives? A. Yes, sir. Q. Is it in the City of Beckley, County of Raleigh? A. Yes, sir, West Virginia." It is the view of this Court that that testimony sufficiently established venue.

Upon the assignment of error as to the sufficiency of the evidence it is true that Salango testified that the defendant was on a landing, apparently referring to a portion of a stairway "six or eight feet" from his door which the co-defendant Crabtree pleaded guilty to forcibly opening and entering. During the conversation between Crabtree and Salango the defendant, addressing Crabtree, said: "Come on and let's go." Salango informed the police when Crabtree and the defendant were arrested that the former had a shiny object in his hand at the time he was confronted at the door of the apartment. When the defendant was searched at the police station after his arrest he had such a shiny object in his pocket which Salango identified as being identical with or similar to what he had seen in Crabtree's hand. Crabtree testified and gave an explanation as to how the object got in the possession of Tapp which it is reasonable to assume the jury ignored as being implausible. These men were arrested together about fifteen or twenty minutes after the alleged crime was committed and within five minutes walking distance from the scene of the alleged crime. There was sufficient evidence from which reasonable inferences could be drawn to establish the State's case against the defendant beyond a reasonable doubt. This

is the third syllabus point of *State* v. *Etchell,* 147 W. Va. 338, 127 S. E.2d 609, quoting the first syllabus point of *State* v. *Winans,* 100 W. Va. 418, 130 S. E. 607:

> If a new trial depends upon the weight of testimony or inferences from it, the jury are exclusively and almost uncontrollably the judges.

It is true, as contended by counsel for the plaintiff in error, that the latter was questioned for approximately two hours at the police station in Beckley without an attorney for the prisoner being present. However, Sergeant Durrett stated in his testimony that the defendant was "fully advised" of his constitutional rights before the interrogation began. About two hours after he was taken to the station, Crabtree, the co-defendant, demanded an attorney. Mr. Jack Mann, an attorney of the Raleigh County Bar, was called and came to the station about two and one-half or three hours after the arrest. Sergeant Durrett was asked whether he or any other officer interrogated the accused or Mr. Crabtree after either asked for an attorney and his answer was "No, sir, we stopped all investigation." The State offered no evidence with regard to any statement, oral or written, alleged to have been made by the defendant to police officers after his arrest.

We find no error in the action of the trial court in sending the jury back as related heretofore in this opinion after it had returned two obviously invalid verdicts and find no error in accepting the third one which was in proper form.

We are of the view that this defendant received a trial free of prejudicial error and that therefore it was a fair trial. The judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*